## Ramsey v. Commonwealth.

(Decided Nov. 23, 1934.)

WILLIAMS & DENNEY and S. F. BOWMAN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, Harrison Ramsey, was tried in the Rockcastle circuit court under an indictment charging him with the crime of fraudulently and willfully destroying a corner tree to the survey of a tract of land

owned by Florence Clontz. He was convicted and his punishment fixed at imprisonment for a term of one year. The crime of which he stands convicted is defined by section 1228 of the Kentucky Statutes.

The sole ground urged by appellant for a reversal of the judgment is that the verdict is flagrantly against the evidence.

Appellant and Florence Clontz owned adjoining tracts of land, and the tract owned by Florence Clontz was formerly owned by appellant's father, Joe Ramsey. Four witnesses testified for the commonwealth, and their estimony appears in the bill of exceptions in narrative form. Florence Clontz testified that she owned twenty acres of land adjoining the land of appellant which she had purchased from Eugene Stokes, and that a poplar tree which had been marked as a corner tree in the line between her land and the land of appellant had been cut down. She did not know who had destroyed the tree, but she believed that Harrison Ramsey cut it. He and his son had cleared the land above the fence where the corner tree was located. She stated on direct examination that Harrison Ramsey told her he cut the corner tree. Her testimony on cross-examination as it appears in the bill of exceptions is as follows:

"I did not see anyone cut the tree but all I have to base my belief on that Harrison Ramsey cut the tree was that Ramsey and son cleared the land above the fence; that I asked Ramsey who cleared the land and he said that he did; that I asked him if he cut the tree and he said he did not."

It thus appears that her statement on direct examination, that appellant had told her he cut the corner tree, was her conclusion from his statement that he and his son had cleared the land above the fence. George Pitman, who lives on a farm adjoining the farm of Florence Clontz, testified that the poplar corner tree was cut off at the top of the fence and was cut by Harrison Ramsey. On cross-examination he admitted that he did not see Ramsey cut the tree, but he stated that he believed Ramsey cut it because Ramsey and his son cleared the land above the fence, and he had never seen any one else cutting timber near this corner. Pitman further testified that he had no use for appellant, and that they had not been on good terms for seven

years. Eugene Stokes, who sold the twenty-acre tract to Florence Clontz, testified that, when he purchased the land from Joe Ramsey, the latter's son, Harrison Ramsey, went around the boundary and helped to mark the line and establish the corners, and that the poplar tree in question was marked as a corner tree. Mary Jones, a daughter of George Pitman, testified that she was present when Harrison Ramsey told Florence Clontz that he cut the corner tree. The appellant admitted that he and his son cleared the land above the fence, but denied that he cut any tree in the fence row or the tree marked as the corner tree. He also testified that Ott Kirby and Jess Maness had cut timber on the same hillside where the corner tree was located.

Ordinarily, the finding of a jury on conflicting evidence is conclusive, and its verdict will not be disturbed, but the foregoing summary of the evidence in the instant case fails to connect appellant with the crime charged in the indictment except through inferences based on meager premises. It fails to show a direct, positive conflict in the evidence. It is conceded that appellant cut the timber on his land near the point where the corner tree was located, and this is the sole basis for the inference that he cut the tree in question. It is not denied that others cut timber on the Clontz land near the corner tree, and it is not shown when that tree was cut; nor does it appear that any dispute over the line existed. Certainly, the facts, even if it be conceded that they are sufficient to authorize the inference that appellant cut the tree, are insufficient to authorize the inference that he did so with fraudulent intent.

No complaint is made of the instructions, but, since the judgment must be reversed because the verdict is flagrantly against the evidence, it is proper to suggest that instruction No. 1 should have followed the language of the statute and required the jury to believe beyond a reasonable doubt that appellant fraudulently and willfully destroyed the corner tree. Section 1256 of the Kentucky Statutes makes it a misdemeanor for any person willfully and knowingly, without a felonious intention, to destroy, injure, or remove any monument erected to designate the boundary of any tract of land or any tree, mark, post, or stone planted for that purpose. This is a lesser degree of the offense defined in section 1228 of the Statutes, and, under the facts, an

instruction under section 1256 should have been given.

For the reasons indicated, the judgment is reversed for further proceedings consistent herewith.